UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br>RIVER MARINE MANAGEMENT, LLC,<br>OWNER *PRO HAC VICE*/OPERATOR OF THE<br>M/V DEBORAH E, IN A CAUSE FOR EXONERATION<br>FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO.<br><br>SECTION: |

## COMPLAINT

The Complaint of River Marine Management, L.L.C. (hereinafter referred to as "River Marine Management") and St. John Enterprises, L.L.C. (hereinafter referred to as "St. John") in a cause of exoneration from or limitation of liability, civil and maritime, within the purview of Rule 9(h) and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure, and 46 U.S.C. §30501, *et seq*, allege upon information and belief, as follows:

I.

At all times hereinafter mentioned, plaintiff, River Marine Management, was now and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana and was the alleged owner *pro hac vice* and operator of the M/V DEBORAH E.

II.

At all times hereinafter mentioned, plaintiff, St. John, was now and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana and was the alleged owner *pro hac vice* and operator of the M/V DEBORAH E.

III.

At all times pertinent hereto, the M/V DEBORAH E, Official No. 568276, was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and fit for the service in which she was engaged.

IV.

The M/V DEBORAH E is now and will be during the pendency of this cause, afloat in the inland waters of Louisiana, and within the territorial limits of this Honorable Court.

V.

On or about March 17, 2009, the M/V DEBORAH E was working at St. John Fleet near Mile 141 LMR.

VI.

On or about March 17, 2009, at approximately 1700 hours, Robert St. Pierre was laying a 35' fleet wire at the head of Barge RCT 1, port side, in order to secure the barge to St. John Fleet Block 1, when he fell from the RCT 1 into the river.

VII.

Following the alleged casualty, Scott G. St. Pierre and Tiffanie M. Hill, parents of Robert St. Pierre, filed a lawsuit in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, entitled, "Scott G. St. Pierre and Tiffanie M. Hill, on behalf of deceased Robert St. Pierre v. River Marine Management, Inc., St. John Enterprises, LLC and XYZ Insurance Company," Docket 58344/Div. "C."

VIII.

Following the alleged casualty, River City Towing Services, Inc., as owner of the RCT 1, made demand on River Marine Management for defense and indemnity.

IX.

The aforesaid casualty and damages resulting from the aforesaid casualty were not caused or contributed to by any fault, negligence, or lack of care on the part of Complainants or the M/V DEBORAH E, her owners, operators, officers, crew or others for whom Complainants were or are responsible.

X.

Plaintiffs, River Marine Management and St. John Enterprises, deny that they or the M/V DEBORAH E, or any persons or property for whom they may be responsible are liable to any extent in the premises and in that regard the plaintiffs, River Marine Management and St. John desire to claim exoneration from liability of all claims, damages and destruction done, occasioned or incurred by any reason of the matters aforesaid.  In the alternative and without admitting liability, plaintiffs aver that in the event River Marine Management, St. John, or the M/V DEBORAH E should be held responsible to any parties by reasons of the matters aforesaid, plaintiffs, River Marine Management, St. John, and the M/V DEBORAH E, claim the benefit of the limitation of liability as provided in Title 46 U.S.C. §30501, *et seq*, all laws supplementary thereto and amendatory thereof.

XI.

All of the losses, damages, injuries and destruction resulting from the aforesaid casualty were done, occasioned, and incurred without fault on the part of the plaintiffs, River Marine Management and St. John, and without plaintiff's privity or knowledge.

XII.

The names of parties having claims which may be asserted against plaintiff are as follows:

(1) Scott St. Pierre
c/o Michael Beckers
DODSON HOOKS & FREDERICK, APLC
One Maritime Center
17405 Perkins Rd.
Baton Rouge, LA  70810

(2) Tiffanie M. Hill
c/o Michael Beckers
DODSON HOOKS & FREDERICK, APLC
One Maritime Center
17405 Perkins Rd.
Baton Rouge, LA  70810

(3) River City Towing Services, Inc.
c/o Marc Hebert
Jones Walker
201 St. Charles Avenue
New Orleans, LA  70170-5100

XIII.

At the termination of the voyage hereinabove described, the market value of the M/V DEBORAH E was, and the value of the plaintiffs' interest in the said vessel, did not exceed the sum of $275,000.  Plaintiff further shows that there was no freight pending on said voyage.

XIV.

Plaintiffs have filed contemporaneously herewith an Ad Interim Stipulation in appropriate form, with an approved corporate surety, for the payment into Court for the amount of plaintiffs' interest in the M/V DEBORAH E, and her pending freight, if any, at the close of the voyage aforesaid, together with interest at the rate provided by law of six percent (6%) per annum from the date of said stipulation and for costs; in addition plaintiff is prepared to give a bond or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained and determined to be necessary under orders of this Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

XV.

There are no demands, unsatisfied liens, or claims of liens either in contract or in tort against the and/or M/V DEBORAH E, or any suits pending thereon, except the claims aforesaid, nor has said vessel been sued, *in rem*, or the plaintiff sued, to answer any claim arising on or after said vessel's voyage so far as is known by these plaintiffs.

XVI.

This Complaint is filed within six (6) months of receipt of a claim in writing.

XVII.

All and singular the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the F.R.C.P. and to Rule F of the Supplemental Rules of the F.R.C.P.

**WHEREFORE**, plaintiffs pray:

(1)  That this Honorable Court will issue an Order approving the Ad Interim Stipulation and the corporation surety filed by the plaintiffs herewith, for the payment into Court of the amount alleged by plaintiffs to be the value of plaintiffs' interest in the M/V DEBORAH E, at the termination of the aforesaid voyages, and its pending freight, whenever the same shall be ordered by the Court, with interest as provided by law from the date of said stipulation, pending appraisement by the Court of the amount of plaintiffs' interest in said vessels and their pending freight.

(2)  That upon the filing of the Stipulation hereinabove described, the Court shall issue a notice to all persons, firms, and corporations, asserting a claim for any and all losses, damages, injuries or destruction with respect to which plaintiffs seek exoneration from or limitation of liability admonishing them to appear and file their respective claims with the Clerk of Court and serve on the attorney for the plaintiffs a copy thereof on or before the date specified in the notice; or be forever barred and permanently enjoined from making and filing any such claims, and also answer under oath all and singular the premises of this Complaint;

(3)  That upon the filing of the Stipulation hereinabove described, the Court shall issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against the plaintiffs, or any of its property with respect to any claim for which plaintiffs seek exoneration or limitation, including any claim arising out of or in connection with any losses, damages or destruction resulting from the casualty described in the Complaint;

(4)  That this Court adjudge and decree that plaintiff and the and M/V DEBORAH E are not liable to any extent whatsoever for any losses, damages, injuries or destructions or for any claims whatsoever done, occasioned or incurred as a result of the matters and happenings referred to in this Complaint;

(5)  Or, in the alternative, if this Court should adjudge that plaintiffs are liable in any amount whatsoever, that said liability be limited to the value of plaintiffs' interest in the M/V DEBORAH E and its pending freight and may be divided pro rata among such claimants;

(6)  That a judgment be entered discharging plaintiffs and the said vessel of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against plaintiffs or their property in consequence of or in connection with the matters and happenings referred to in this Complaint;

(7)  That plaintiffs may have such further general and equitable relief which they may be entitled to receive.

Respectfully submitted,

DAIGLE FISSSE & KESSENICH, PLC

BY:    /s/Michael W. McMahon
      MICHAEL W. MCMAHON (23987)
      J. FREDRICK KESSENICH (7354)
      227 Hwy. 21
      Madisonville, LA 70447
      Tel: 985.871.0800
      Fax: 985.871.0899
      ATTORNEYS FOR RIVER MARINE
      MANAGEMENT, L.L.C., ST. JOHN
      ENTERPRISES, L.L.C., and the M/V
      DEBORAH E